BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, APPELLANT, *v.* THE REGISTRAR OF SAN JUAN, SECTION 1, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Mortgage Deed.

No. 232.—Decided June 21, 1915.

EXECUTION OF DEED—WITNESSES TO DEED—SIGNATURE OF PARTY BY ANOTHER.— In accordance with the provisions of section 14 of the Notarial Law of March 8, 1906, the only person authorized to sign the name of a party executing the deed who is unable to sign his own name is one of the witnesses to the instru-

ment, who may be more than two. A third party not mentioned in the deed as a witness to its execution cannot sign the same for a party executing the instrument who is unable to sign.

ID.—SIGNATURE OF PARTY—NULLITY OF PUBLIC INSTRUMENT.—If the signature of one of the parties to a public instrument does not appear in the manner prescribed by the statute, it is the same as if his signature did not exist, and therefore the document should be considered null and void, pursuant to subsection 3 of section 20 of the said Notarial Law.

ID.—SIGNATURE OF PARTY.—The form prescribed by the statute at present in force in Porto Rico is the same as that fixed by the Notarial Regulations of October 29, 1873, and is in harmony with the Royal Order of June 25, 1868, cited in the *Tratado de Notaría* by Manuel Fernández Casado.

The facts are stated in the opinion.

Mr. *Juan de Guzmán Benítez* for the appellant.

Mr. José S. Belaval, the respondent, appeared by brief through his substitute, Mr. Emigdio S. Ginorio.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On September 10, 1914, Fermín Ramos and his wife, Luisa Martínez, parties of the first part, and the *Banco Territorial y Agrícola de Puerto Rico,* party of the second part, appeared before a notary public and executed a public deed of loan and mortgage. The deed concludes as follows:

"Fermín Ramos and his wife, Luisa Martínez, now state that they do not know how to sign and for that reason they present and make a party to this deed their son, José Ramos Martínez, who is of age, married, a merchant, resident of Trujillo Alto and known to me personally and upon whom the contracting parties, Fermín Ramos and Luisa Martínez, confer by this instrument special power to sign for them.

"I, the notary, having read the foregoing instrument to the contracting parties, to the proxy authorized to sign for Fermín Ramos and Luisa Martínez and to the witnesses, they all signed, including José Ramos who signed in the name of the mortgagors. I, the attesting notary, certify to the contents of this public instrument as well as to the personal capacities of the parties. (Signed) José Ramos. R. Castro González. Jaime Vilaseca. L. Abella Blanco. (Marked and signed) Juan de Guzmán Benítez. Internal revenue stamp for one dollar canceled by the seal of the notary."

The foregoing document having been presented in the registry of property, section 1, the registrar refused to

record the same for the reasons given in the following de-cision, from which the present administrative appeal was taken:

"The admission to record of the foregoing document, deed No. 122, dated the tenth instant and executed before Notary Juan de Guzmán Benítez, is denied, because the contracting parties, Fermín Ramos and Luisa Martínez, not knowing how to sign, José Ramos Martínez, who is not a witness to the instrument, signed for them and the language by which the contracting parties conferred upon him the power so to do does not change the nature of the act, the instrument being null and void by reason of such defect, pursuant to sections 14 and 20 of the Notarial Act and the judgment of the Supreme Court of Porto Rico of October 23, 1912. A cautionary notice is entered for the legal period on the reverse side of page 186 of volume 3 of Trujillo Alto, property No. 173, entry letter A, in which is pointed out the curable defect that it is not shown that Luisa Martínez was the wife of the debtor when he acquired the property, her name not appearing in the registry. San Juan, P. R., September 24, 1914. José S. Belaval, Registrar."

Section 14 of the Notarial Law, Acts of 1906, page 145, reads as follows:

"Should the parties to the instrument, or any of them, be unable to sign, the notary shall state the fact, and one of the witnesses shall sign for the party, and such witness shall precede his signature with the note in his own handwriting that he signs for himself and for the party in the name of said party or parties."

And the pertinent part of subsection 3 of section 20 provides:

"The following public instruments shall be null and void: * * * or where the signatures of the parties and witnesses do not appear * * *."

The foregoing provisions are so clear that the decision does not admit of discussion and must necessarily be affirmed. Besides, this question is not new in this court. In the case of *Rodríguez* v. *The Registrar of Ponce,* 14 P. R. R., 715, this court held that "In accordance with the provisions of section 14 of the Notarial Law of March 8, 1906, the only

party authorized to sign in the name of the party executing the deed, who is unable to sign his own name, is one of the witnesses to the instrument, and they may be more than two," and that "A third party not mentioned in the deed as a witness to the execution thereof cannot sign the same for the party executing the instrument who is unable to sign his name." And in 1912, in the case of *Villanueva et al.* v. *The Registrar of Arecibo,* 18 P. R. R., 801, the doctrine laid down in the case of Rodríguez, *supra,* was in all respects affirmed.

The form prescribed by the statute at present in force in Porto Rico is the same as that fixed by the Notarial Regulations of October 29, 1873, and is in harmony with the Royal Order of June 25, 1868, cited in the *Tratado de Notaría* by Manuel Fernández Casado, volume 1, page 569. This, then, is not only a form clearly prescribed by law, but one consecrated by tradition.

The appellant contends that although the statute provides a means of overcoming the difficulty which arises when one of the parties to the instrument is unable to sign his name, this does not prevent the adoption of any other method not inconsistent with law.

The acceptance of such a theory would be equivalent to returning to the confusion that prevailed in former times, which is precisely what the Legislature sought to correct and did correct by establishing a fixed rule which should be followed in every case.

The appellant also contends that his case is different from that of Villanueva, *supra,* because in the document referred to in the decision of the case of Villanueva it did not appear, as it does in the deed of September 10, 1914, that the person who signed did so as the agent and, therefore, as the representative of the party executing the deed, and not in the character of a witness requested to sign on account of the illiteracy of the party to the instrument.

Supposing this to be the case and admitting that the deed of loan and mortgage could also be considered as a special

power of attorney to sign, would not the signature of the principal be required to appear?

There is no doubt that in this case the act of itself is legal and the transaction is a proper one. The difficulty arises from the fact that the notary deviated from the simple and safe method prescribed by law. And the manifest result is that if the signature of one of the parties to the instrument does not appear in the manner prescribed by the statute, it is the same as though his signature did not exist, therefore the instrument is null and void, pursuant to subsection 3 of section 20 of the Notarial Act hereinbefore cited.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf Aldrey and Hutchison concurred.